**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | |
|---|---|
| JACK GOLDMAN, | Civil Case No.: 1:23-cv-2935 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| | **(1) Violation of N.Y. Gen. Bus. Law 349** |
| TRINITY SCHOOL OF MEDICINE, through its Board of Trustees; DOE DEFENDANTS 1-20, in their individual and official capacities, | **(2) Violation of Express Warranty** |
| | **(3) Breach of Contract** |
| Defendants. | |
| | **JURY TRIAL DEMANDED** |

---------------------------------------------------------------x

## I. INTRODUCTION

This is an action arising from Defendant's violations of deceptive and unfair trade practices, breach of duty of good faith and fair dealing, breach of contract. Defendants are also responsible for negligence and negligent infliction of emotional distress.

## II. JURISDICTION & VENUE

1. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) because there is diversity of citizenship between the parties and the amount of controversy exceeds 75,000.

2. Plaintiff is a resident and citizen of the State of New York.

3. Defendant Trinity School of Medicine ("TRINITY") conducts business in the State of Georgia.

4. The other Defendants on the grounds that they were employees of TRINITY at all times relevant to this action and personally violated certain rights and policies, the effects of which were felt in the State of New York.

5. Venue in this action is properly in the Eastern District of New York because the events relevant to this action occurred primarily within the geographical confines of the Eastern District of New York.

## III. PARTIES

6. Plaintiff Jack Goldman ("Plaintiff") was a medical student at Trinity School of Medicine at all times relevant to this litigation. Plaintiff is a citizen of the State of New York.

7. Trinity School of Medicine ("TRINITY") is a private medical school whose Office of Admissions & Administration is located in the State of Georgia and offers degrees in the United States.

8. Doe Defendants 1-20 ("Doe Defendants") are employees or agents of Defendant TRINITY that caused the harms to the Plaintiff-subject of this lawsuit. At this time, their names and whereabouts are unknown.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff was a medical student at TRINITY at all times relevant to this litigation.

10. TRINITY pursued Plaintiff via digital marketing in which Plaintiff's medical test scores, student loans and finances were used to identify Plaintiff as a potential consumer.

11. In April 2016, TRINITY staff traveled to the State of New York to recruit Plaintiff to attend TRINITY.

12. During the meeting, Plaintiff advised the TRINITY administrator that he was seeking a medical school that would provide residency opportunities in the State of New York as that is where he intended to practice medicine after graduation.

13. The administrator provided affirmative assurance to Plaintiff that residencies in the State of New York were available for students of TRINITY.

14. Plaintiff disclosed to the administrator that he would need disability accommodations from TRINITY to be successful.

15. On August 19, 2016, Plaintiff received a letter from TRINITY that disability accommodations have been granted in all assessments.

3

16. Plaintiff was offered scholarship because of his MCAT test scores.

17. Plaintiff ultimately chose to attend TRINITY to pursue a Doctor of Medicine degree due to the assurances provided and was admitted for the Fall 2016 semester with disability accommodations in place.

18. Plaintiff's anticipated graduation date was Spring 2020.

19. Plaintiff successfully finished first half of medical school semesters at TRINITY's St. Vincent campus.

20. Previously, students were required to pass two sequential examinations before progressing to the clinical science phase of the degree program.

21. TRINITY repealed the requirement to pass the two sequential examinations on January 9, 2019.

22. TRINITY then advised Plaintiff to pursue two, then optional, examinations before progressing to the clinical science phase of the degree program.

23. The advisement halted Plaintiff from pursuing the clinical science phase of his education.

24. Without notice, TRINITY reinstated the policy on May 2, 2020.

25. The reinstatement halted Plaintiff from pursuing the clinical science phase of his education.

26. Plaintiff moved to the State of Georgia from the State of New York with the anticipation of starting a clinical program as provided by TRINITY staff.

27. As a result of pursuing the clinical science phase of his education, in 2020 Plaintiff became aware of his inability to attend medical residencies in the State of New York.

28. TRINITY admissions specialist affirmatively stated to Plaintiff in 2016, during the recruitment stage, that residency in New York could be provided should he choose to pursue his education with TRINITY.

29. TRINITY failed to notify Plaintiff that TRINITY students are not eligible for residency in the State of New York due to New York practice eligibility rules.

30. TRINITY has a practice of not informing students of the inability to obtain a residency in New York until they are in their 3rd or 4th year at TRINITY.

31. TRINITY's false statements attracted Plaintiff to attend TRINITY.

32. With prior knowledge, TRINITY had no intention or ability to provide Plaintiff with a medical residency in the State of New York.

33. Plaintiff began preparing for the National Board of Medical Examiners ("NBME") exam in 2019.

34. In order to be successful in the NBME exam, Plaintiff sought disability accommodations for the exam.

35. To be approved for accommodations for the NBME, Plaintiff was required to have his medical school, TRINITY, provide documentation of his current accommodations to the NBME board.

36. The school said that providing documentation for the application accommodations for the NBME exam was out of their purview.

5

37. TRINITY failed to provide the NBME with the documentation required for Plaintiff's accommodations needed to sit for the NBME examination.

38. Plaintiff was denied accommodations as he had not secured the required documentation from TRINITY.

39. TRINITY advised Plaintiff to appeal the denial of accommodations.

40. Plaintiff submitted an appeal which was again denied in Spring 2020.

41. From Summer 2019 to Spring 2020 Plaintiff resided in Georgia awaiting for a clinical position.

42. During this time, Plaintiff was not attending classes at TRINITY as he was in a waiting period.

43. However, TRINITY continued charging Plaintiff for semesters tuition while he was not registered for classes.

44. Plaintiff was charged for approximately ten semesters in which he was not taking classes with TRINITY.

45. Plaintiff was required to take out loans to pay for more semesters as he was required to be an active student to be eligible for the NBME examination.

46. When Plaintiff contacted the financial department at TRINITY he was told that charging students while they proceed to the NBME examination was standard procedure.

47. When Plaintiff enrolled in 2019, students had an option to proceed to clinical education and then pursue the NBME examinations.

48. Inability to sit for the NBME examination during a certain period of time, whether or not due to deficient administrative protocol in disability accommodation procedures, did not a hind further education.

49. Plaintiff sought guidance from TRINITY regarding any route available for Plaintiff to progress in his medical education.

50. As a result of TRINITY's misleading statements, Plaintiff attended TRINITY for his medical education resulting in immense financial injury to the Plaintiff.

**Respondeat Superior and Agency**

51.  Plaintiffs restate each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

52. Under Federal and New York law, an employer may be vicariously liable for an employee's actions when they are acting within the scope of their employment on behalf of the employer.

53. At all times relevant to this action, all individual Defendants were employed by TRINITY. Some of their acts and omissions relevant to this litigation were undertaken within the scope of their employment with TRINITY.

54.  At the time of this Complaint, only the individual Defendants themselves are aware of the exact role that each individual Defendant played in the events that are the subject of the lawsuit. For this reason, only the individual Defendants know at which times each Defendant acted in a manner that exceeded the scope of their duties in their official capacities and at which each Defendant acted in a manner that was within the scope of their duties in their official capacities.

## V. CAUSES OF ACTION

### COUNT I – N.Y. GEN. BUS. LAW §349

55. Plaintiff incorporates by reference all the preceding paragraphs in this complaint.

56. N.Y. Gen. Bus. Law §349 provides that deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.

57. N.Y. Gen. Bus. Law §349(a) provides: "Deceptive acts or practices in the conduct of any business, trade or commerce in the furnishing of any service in this state are hereby declared unlawful."

58. A plaintiff [suing] under section 349 must prove three elements: first that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act[.]

59. The acts and practices alleged herein are deceptive and were carried out in the conduct of TRINITY's business. The use of knowingly false statements regarding residency availability in the State of New York were deceptive and enticed Plaintiff into conducting business with TRINITY.

60. Had TRINITY advised Plaintiff of the inability of TRINITY students to obtain residency placement in the State of New York as a result of New York regulations, Plaintiff would not have conducted business with TRINITY in choosing to attend their medical school.

61. As a result of TRINITY's actions, Plaintiff incurred damages, including the inability to practice medicine in the State of New York.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court:

(a) Enter judgment against Defendants and in favor of Plaintiffs for actual damages for financial loss and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(b) Enter judgment against Defendants and in favor of each Plaintiff for an injunction prohibiting Defendants' wrongful conduct;

(c) Enter judgment against Defendants and in favor of Plaintiffs for all cost sustained in connection with the prosecution of this action, including attorney's fees; and

(d) Grant such other and further relief as justice requires.

## COUNT II – BREACH OF WARRANTY

62. Plaintiffs incorporate by reference all the preceding paragraphs in this complaint.

63. Plaintiff entered into a contract with TRINITY in which TRINITY offered admission to Plaintiff on specific terms.

64. Plaintiff accepted Defendants offer and attended TRINITY as a medical student.

65. There was a mutual exchange of consideration for which Plaintiff attendee TRINITY involving payments and expenditure of time as well as TRINITY making its services including educational opportunities available to Plaintiff.

66. Defendant breached their warranty when they failed to inform Plaintiff that TRINITY students are not eligible for residencies in the State of New York.

9

67. Plaintiff relied on Defendants promise of residency in the State of New York in determining to pursue a medical education at TRINITY.

68. As a direct and proximate result of Defendant's actions, Plaintiff sustained and continues to sustain injuries and damages.

69. Therefore, as a direct and proximate result of Defendants' actions or failures, Plaintiff has sustained and continues to sustain injuries and damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court:

(e) Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(f) Enter judgment against Defendants and in favor of each Plaintiff for an injunction prohibiting Defendants' wrongful conduct;

(g) Enter judgment against Defendants and in favor of Plaintiff for all cost sustained in connection with the prosecution of this action, including attorney's fees; and

(h) Grant such other and further relief as justice requires.

## COUNT III – BREACH OF CONTRACT

70. Plaintiffs incorporate by reference all the preceding paragraphs in this complaint.

71. Plaintiff entered into a contract with TRINITY in which TRINITY offered admission to Plaintiff on specific terms.

72. Plaintiff accepted Defendant's offer and attended TRINITY as a medical student.

73. There was a mutual exchange of consideration for which Plaintiff attended TRINITY involving payments and expenditure of time as well as TRINITY making its services including educational opportunities available to Plaintiff.

74. Defendant breached their contract when they charged Plaintiff for courses in which he was not registered.

75. As a direct and proximate result of Defendant's actions, Plaintiff sustained and continues to sustain injuries and damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court:

(i) Enter judgment against Defendants and in favor of Plaintiff for actual damages for financial loss and punitive damages in amounts to be determined at trial and as are allowed under the statute;

(j) Enter judgment against Defendants and in favor of Plaintiff for an injunction prohibiting Defendants' wrongful conduct;

(k) Enter judgment against Defendants and in favor of Plaintiff for all cost sustained in connection with the prosecution of this action, including attorney's fees; and

(l) Grant such other and further relief as justice requires.

## VI. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: April 20, 2023  Respectfully Submitted,

*/s/ Keith Altman*
Keith Altman, Esq. (*pro hac vice* pending)
THE LAW OFFICE OF KEITH ALTMAN

11

33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Telephone: (248) 987-8929
keithaltman@kaltmanlaw.com
*Attorney for Plaintiff*