

|  |  |
|---|---|
| Jacqueline Voronov<br>Phone: (201) 221-7014<br>jvoronov@hallboothsmith.com | 366 Madison Ave<br>5th Floor<br>New York, NY 10017 |
|  | Office: (212) 805-3630 Fax: (917) 781-0811 |
| September 5, 2023 | www.hallboothsmith.com |

**VIA ECF**

Hon. Kiyo A. Matsumoto, U.S.D.J.
United States District Judge
United States District Court - Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      **RE:**    **Jack Goldman v Trinity School of Medicine**
             **Case No.: 1:23 CV 02935 (KAM)(LB)**

Your Honor:

      This office represents Defendant, Trinity School of Medicine, in connection with the above-referenced matter. We write at this time to provide the Court with a status update following the parties' pre-motion conference on August 22, 2023.

      At the time of the August 22, 2023 conference, Your Honor expressed concern regarding venue, jurisdiction and the timeliness of Plaintiff's claims. **[*See* Minute Entry for proceedings held on 8/22/23]**. In his August 29, 2023 Response to the Court's Order to Show Cause, Attorney Altman represented that he would be speaking to his client regarding same and following up with defense counsel to "discuss the stance of the case and the posture of proceeding forward." **[See ECF 9]**. Defendant took this statement to mean that Plaintiff would give consideration to the laws of New York and the Court's admonitions regarding same. Unfortunately, this was not the case.

      While the parties did confer via telephone on Friday, August 31, 2023, there was no indication that Plaintiff had actually given any meaningful thought to the issues of personal jurisdiction or applicable statutes of limitations. As such, Defendant would like to proceed to set a briefing schedule. In Defendant's August 4, 2023 letter, Defendant proposed that the Motion to Dismiss be filed by November 1, 2023, opposition served by November 14, 2023, and a reply served by November 21, 2022. Thereafter, Defendant will file the Parties' moving papers pursuant to Your Honor's Local Rule III (C)(a) and (c).

      In his August 29, 2023 correspondence, Attorney Altman proposed to conduct jurisdictional discovery prior to motion practice. However, it bears noting that Plaintiff has not made out a *prima facie* case for personal jurisdiction in the first instance or indicated to this Honorable Court what additional information he could discover from Trinity that would save his case's future in this District. *See* G3100 N. Am., Inc. v. Paris, No. 14 Civ. 3885 (VEC), 2014 WL 6604790, at *6 (S.D.N.Y. Nov. 21, 2014) (*citing* Jazini v. Nissan Motor Co., 148 F.3d 181, 186 (2d Cir. 1998)). In this circuit, "[d]istrict courts ... routinely reject requests for jurisdictional discovery where a plaintiff's allegations are insufficient to make out a prima facie case of jurisdiction." Stutts v. De Dietrich Grp., 465 F. Supp. 2d 156, 169 (E.D.N.Y.2006) (listing cases). Because Plaintiff has not alleged sufficient facts to establish a *prima facie* showing of personal jurisdiction as a threshold proposition[1], and because

---

[1] Plaintiff's Complaint alleges only that he is a resident of New York and that he spoke with an admissions officer one time in New York in 2016.

HALL BOOTH SMITH, P.C.
Hon. Kiyo A. Matsumoto, U.S.D.J.
September 5, 2023

Plaintiff does not indicate what he would seek in jurisdictional discovery to cure his jurisdictional allegations, the Court should decline Plaintiff's request for jurisdictional discovery.

That being said, Defendant does not object, per se, to limited and expedited jurisdictional discovery- narrowly tailored to Defendant's contacts (or lack thereof) with the state of New York[2]- if the Court deems it appropriate under the circumstances.

We thank Your Honor for your consideration of the foregoing.

Respectfully submitted,

/s/ Jacqueline Voronov

Jacqueline Voronov

cc:  Keith Altman, Esq. (via ECF)

---

[2] Defendant has concerns that Plaintiff will abuse the jurisdictional discovery process to embark upon a factual fishing expedition beyond jurisdiction.