UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------X

JACK GOLDMAN,

               *Plaintiff,*

    -against-

TRINITY SCHOOL OF MEDICINE, through its
Board of Trustees; DOE DEFENDANTS 1-20,
in their individual and official
capacities,

               *Defendants.*

----------------------------------------X

**MEMORANDUM AND ORDER**

23-CV-2935(KAM)(JRC)

**KIYO A. MATSUMOTO, United States District Judge:**

    On April 20, 2023, Plaintiff Jack Goldman ("Goldman" or the "Plaintiff") brought this action asserting violations of N.Y. Gen. Bus. Law § 349 along with breach of contract and breach of express warranty claims against Trinity School of Medicine ("Trinity" or "Defendant") as well as unnamed "Doe" Defendants 1-20 (the "John Doe" Defendants). (ECF No. 1, Complaint.) Presently before the Court is Trinity's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, or, in the alternative, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (*See* ECF No. 14, Defendant's Notice of Motion to Dismiss.) For the reasons set forth below, Defendant's motion to dismiss for lack of personal jurisdiction is **GRANTED**.

**BACKGROUND**

## I.    Factual Background

Plaintiff is a citizen of the state of New York who was admitted to and attended Trinity to pursue a Doctor of Medicine Degree beginning in the Fall of 2016. (*See* Compl. at ¶¶6, 17.) Plaintiff was anticipated to graduate in Spring 2020. (*Id.* at ¶18.) The Complaint alleges that Plaintiff successfully finished the "first half of [the] medical school semesters" but that Trinity's requirement that he pursue "two, then[-]optional, examinations . . . halted[1] Plaintiff from pursuing the clinical science phase of his education." (*Id.* at ¶¶19-23.)

Plaintiff alleges in the Complaint that Trinity, through an admissions specialist, "affirmatively stated to Plaintiff in [April] 2016, during the recruitment stage, that residency in New York could be provided should he choose to pursue his education with Trinity." (*Id.* at ¶11, 28.) Plaintiff alleges that Trinity students are "not eligible for residency in the State of New York due to New York practice eligibility rules," but does not specify which rules, or how they bar Trinity students. (*Id.* at ¶29.) Based on these allegedly false statements, Plaintiff alleges that

---

[1] Plaintiff's Complaint does not specify how, exactly, the testing requirement "halted" him from pursuing the clinical phase of his education, but the affidavit of Trinity's President, Steven R. Wilson, states that Plaintiff "was not successful in passing the [United States Medical Licensing Examination Step 1] exam on his first (and only) attempt . . . in September 2020." (ECF No. 14-2, Affidavit of Steven R. Wilson, at ¶14.) The affidavit further states that "[i]f Plaintiff had successfully passed the Step 1 [exam] and continued the curriculum, he would have taken clinical courses in Georgia." (*Id.* at ¶34.)

he was "attracted to attend [Trinity]." (*Id.* at ¶31.) Plaintiff also alleges that he was charged for tuition "while he was not registered for classes" during the time in which he was attempting to seek disability accommodations for a National Board of Medical Examiners ("NBME") exam. (*Id.* at ¶¶33-43.) Plaintiff alleges that the unnamed John Doe Defendants "were employed by [Trinity]," that they were "acting within the scope of their employment on behalf of [Trinity]," and that therefore Trinity is vicariously liable for their actions. (*Id.* at ¶¶52-53.) Plaintiff does not allege where the John Doe Defendants worked or were domiciled. (*Id.*)

## II.  Jurisdictional Facts

"When evaluating a motion to dismiss for lack of personal jurisdiction, courts 'may consider materials outside the pleadings, including affidavits and other written materials.'" *Commodity Futures Trading Comm'n v. TFS-ICAP, LLC*, 415 F. Supp. 3d 371, 380 (S.D.N.Y. 2019) (quoting *Jonas v. Estate of Leven*, 116 F. Supp. 3d 314, 323 (S.D.N.Y. 2015)). On September 5, 2023, the Court granted Plaintiff the opportunity to engage in limited jurisdictional discovery. (*See* Docket Order dated September 5, 2023.) That period of discovery closed on November 14, 2023. (Minute Entry dated November 14, 2023.) Based on that discovery,

Defendant[2] has provided the Court with the following facts relevant to the determination of personal jurisdiction.

Trinity is a private Caribbean medical school located in Kingstown, St. Vincent and the Grenadines. (ECF No. 14-2, Affidavit of Steven R. Wilson ("Wilson Aff."), at ¶4.) It maintains its offices and principal place of business in St. Vincent and the Grenadines, but also maintains an administration office in the United States in Roswell, Georgia. (*Id.* at ¶5.) Trinity recruits students from across the United States and Canada, including New York. (*Id.* at ¶¶18-20.) From 2016 to 2020, 6.4% of Trinity's applications were submitted by individuals from New York, and 7.19% of the students who matriculated were from New York. (*Id.* at ¶22.) Trinity does not hold recruiting open houses in New York but has sent admissions personnel to New York to interview prospective students. (*Id.* at ¶¶23-24.) Specifically, Trinity personnel conducted two visits for interviews in 2016, four visits in 2017, and four visits in 2018. (*Id.* at ¶24.) Dr. Michael Miller, the director of admissions who interviewed Plaintiff, resides in and works in Georgia. (*Id.* at ¶26.)

Trinity has no offices, stores, or campus in New York, and it also does not own any real property in the state. (*Id.* at ¶6.)

---

[2] Plaintiff neither disputes the facts proffered by Defendant with its motion to dismiss, nor does Plaintiff offer a competing statement of facts with his memorandum in opposition.

Trinity is not registered to do business, offer continuing education programs, or receive process in New York. (*Id.* at ¶¶6-7.)  Trinity does not derive any income or revenue from services rendered in New York. (*Id.* at ¶8.)  Trinity is also not affiliated with any New York hospitals and has not had any clinical rotations for students in any New York hospital since 2015. (*Id.* at ¶¶27, 32.)  Prior to October 2015, Trinity was party to a contract with an Illinois corporation to facilitate the placement of students in clinical clerkships, including at hospitals in New York, but that contract terminated on October 5, 2015. (*Id.* at ¶¶28-31.)  Currently, and since 2016, Trinity runs its clinical program at a network of affiliated hospitals and medical facilities located in Warner Robins, Georgia, and Baltimore, Maryland. (*Id.* at ¶¶9, 32.)

## III. Procedural History

Plaintiff commenced the instant case on April 20, 2023. (*See generally* Complaint.)  After being granted an extension of time to respond, Defendant moved on August 4, 2023, for a pre-motion conference in anticipation of filing a motion to dismiss. (ECF No. 7.)  The Court held a pre-motion conference to discuss the anticipated motion on August 22, 2023, at which Plaintiff's counsel failed to appear, and a separate attorney from Plaintiff's counsel's law firm who was not admitted to practice in the State of New York or the Eastern District of New York appeared. (Minute

Entry dated August 22, 2023.)  Plaintiff's counsel was ordered to
show cause regarding his failure to appear, and the Court noted
that "a variety of possible issues" were apparent on the face of
the complaint, "including but not limited to: forum non conveniens
and venue issues . . . [and] that Plaintiff's GBL § 349 claim may
be stale."  (*Id.*)  Plaintiff's counsel responded to the Order to
Show Cause on August 29, 2023, apologizing for his absence, and
requesting preliminary discovery regarding personal jurisdiction.
(ECF No. 9.)  The Court granted the request for jurisdictional
discovery, which was supervised by Magistrate Judge James Cho.
(Docket Order dated September 5, 2023.)

Jurisdictional discovery closed on November 14, 2023, and
Defendant again moved for a pre-motion conference on November 17,
2023.  (ECF No. 11.)  The Court denied the motion for a pre-motion
conference as unnecessary on November 22, 2023, in light of the
previously held conference, and directed the parties to brief the
motion to dismiss in accordance with the Defendant's proposed
briefing schedule.  (Docket Order dated November 22, 2023.)  The
motion to dismiss was fully briefed on January 23, 2024.  (*See* ECF
No. 14, Defendant's Notice of Motion to Dismiss; ECF No. 14-1,
Defendant's Memorandum of Law in Support of its Motion to Dismiss
("Def. Mem."); Wilson Aff.; ECF No. 14-3, Voronov Certification in
Support of Defendant's Motion to Dismiss ("Voronov Cert."); ECF
No. 15, Plaintiff's Memorandum of Law in Opposition ("Pl. Opp.");

ECF No. 16, Defendant's Reply Memorandum of Law in Further Support of its Motion to Dismiss ("Def. Reply"); ECF No. 16-1, Supplemental Affidavit of Steven R. Wilson ("Supp. Wilson Aff.").)

## LEGAL STANDARD

### I.   Motion to Dismiss under Rule 12(b)(2)

On a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, "the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." *DiStefano v. Carozzi North America, Inc.*, 286 F.3d 81, 84 (2d Cir. 2001) (citation omitted). "[T]he showing a plaintiff must make to defeat a defendant's claim that the court lacks personal jurisdiction over it 'varies depending on the procedural posture of the litigation.'" *Dorchester Financial Securities, Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)).  Before jurisdictional discovery, a plaintiff's *prima facie* showing of jurisdiction "may be established solely by allegations."  *Ball*, 902 F.2d at 197.  However, where jurisdictional discovery has been conducted, a plaintiff's *prima facie* showing must be factually supported; that is, it must "include an averment of facts that, if credited by [the ultimate trier of fact], would suffice to establish jurisdiction over the defendant."  *Metropolitan Life Insurance Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir.

7

1996) (quoting *Ball*, 902 F.2d at 197). In assessing the plaintiff's showing, the court applies a "standard . . . akin to that on a motion for summary judgment," construing the "pleadings documents, and other evidentiary materials . . . in the light most favorable to the plaintiff and all doubts are resolved in [his or her] favor." *Melnick v. Adelson-Melnick*, 346 F. Supp. 2d 499, 503 (S.D.N.Y. 2004) (citations and internal quotation marks omitted).

Because "a district court sitting in a diversity action such as this may exercise personal jurisdiction to the same extent as the courts of general jurisdiction of the state in which it sits . . . resolution of a motion to dismiss for lack of personal jurisdiction in the [Eastern] District of New York requires a two-step analysis." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir. 2002). "First, the court must determine if New York law would confer upon its courts the jurisdiction to reach the defendant," such as under the New York general jurisdiction statute (i.e., N.Y. Civil Practice Law and Rules ("CPLR") § 301) and the long-arm statute (i.e., CPLR § 302). *See id.* Second, "[i]f there is a statutory basis for jurisdiction, the court must then determine whether New York's extension of jurisdiction in such a case would be permissible under the Due Process Clause of the Fourteenth Amendment." *Id.*; *see also Reich v. Lopez*, 858 F.3d 55, 62 (2d Cir. 2017) ("For a court to exercise general jurisdiction over a defendant, 1) state law must authorize

general jurisdiction; and 2) jurisdiction must comport with constitutional due process principles." (internal quotation marks and citation omitted)).

## II.  Motion to Dismiss under Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Although "detailed factual allegations" are not required, "[a] pleading that offers labels or conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks and citation omitted).

### DISCUSSION

Personal jurisdiction is a "threshold question" that "must precede merits." *In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 268 (2d Cir. 2001) (citation omitted). Accordingly, the Court first addresses the Defendant's Rule 12(b)(2) arguments, followed by the Defendant's Rule 12(b)(6) arguments.

## I.  Personal Jurisdiction

Plaintiff does not specify the basis for this Court to exercise personal jurisdiction over the Defendant, so the Court will first analyze whether Defendant is subject to general personal jurisdiction in New York before evaluating whether Defendant is subject to specific personal jurisdiction in the state. *See Arzu v. American Airlines, Inc.*, No. 1:23-CV-2116 (SDA), 2023 WL 5614586, at *4 (S.D.N.Y. Aug. 31, 2023) (examining whether defendant is subject to general personal jurisdiction prior to considering whether the court could exercise specific personal jurisdiction over defendant).

A.   **General Jurisdiction**

General personal jurisdiction subjects a defendant to suit on all claims. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). In New York, pursuant to CPLR § 301, general jurisdiction exists when a company "has engaged in such a continuous and systematic course of 'doing business' [in New York] that a finding of its 'presence' [in New York] is warranted." *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014) (quoting *Landoil Resources Corp. v. Alexander & Alexander Servs., Inc.*, 565 N.E.2d 488, 490 (N.Y. 1990)). However, as discussed above, "even if general jurisdiction under N.Y. CPLR § 301 is satisfied, a court independently must ensure that due process is satisfied." *Arzu*, 2023 WL 5614586, at *3 (citation

10

omitted).   Under the Due Process Clause, a corporation can "be subject to general jurisdiction in a state only where its contacts are so 'continuous and systematic,' . . . that it is 'essentially at home' in that state." *Gucci America, Inc. v. Weixing Li*, 768 F.3d 122, 135 (2d Cir. 2014) (quoting *Daimler*, 571 U.S. at 139). "Aside from 'an exceptional case' . . . a corporation is at home (and thus subject to general jurisdiction, consistent with due process) only in a state that is the company's formal place of incorporation or its principal place of business." *Id.* (quoting *Daimler*, 571 U.S. at 139 n.19).

Plaintiff's complaint is silent as to the basis for exercising personal jurisdiction over Defendant, but Plaintiff argues in his opposition to the motion to dismiss that Defendant had "intentional, systematic and ongoing contacts with the State of New York," (Pl. Opp. at 4), which the Court construes as an argument that Defendant is subject to general personal jurisdiction in New York.   Even charitably construed, however, Plaintiff's argument is unavailing.

Plaintiff has failed to meet his burden to establish that asserting general jurisdiction over Trinity in this case would comport with due process.   Defendant is neither incorporated in New York, nor does it have its principal place of business in New York.   (*See* Wilson Aff. at ¶¶4-6).   Thus, the Court cannot assert general personal jurisdiction over Defendant in this case.   *See*

11

*Gleissner v. Turk Hava Yollari Anonim Ortakligi*, No. 16-CV-8287 (JPO), 2018 WL 456296, at *3 (S.D.N.Y. Jan. 17, 2018) (no personal jurisdiction under *Daimler* where neither defendant's state of incorporation nor its principal place of business was in New York); *see also Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792, 799–800 (S.D.N.Y. 2015), *aff'd*, 660 F. App'x 43 (2d Cir. 2016) ("a university or college cannot be deemed 'at home' in a forum merely because it engages in the sort of minimal and sporadic contact with the state that is common to all national universities").

Plaintiff fails to make any factual allegations that might distinguish this case from "the myriad of cases holding that national universities are not subject to general jurisdiction outside of their state of incorporation or operation." *Thackurdeen*, 130 F. Supp. 3d at 800 (collecting cases). Furthermore, there is nothing in the record to suggest that this is "an exceptional case" warranting the assertion of general jurisdiction over Trinity. *See Daimler*, 571 U.S. at 139 n.19. Because Plaintiff cannot establish that it would comport with due process to exercise general jurisdiction over Trinity, the Court need not consider whether general jurisdiction would be consistent with New York state law. *See, e.g., Hood v. Ascent Medical Corp.*, 691 F. App'x 8, 10 (2d Cir. 2017) (declining to address the scope of general jurisdiction under New York law where exercising general jurisdiction was clearly inconsistent with due process).

**B.   Specific Jurisdiction**

Lacking general personal jurisdiction over Defendant, the Court next looks to whether an exercise of specific personal jurisdiction would be appropriate in the instant case.  Specific personal jurisdiction subjects a defendant to suit only on claims that "arise out of or relate to the defendant's contacts with the forum." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 362 (2021) (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco County*, 582 U.S. 255, 262 (2017)). New York's long-arm statute permits a court to exercise personal jurisdiction in cases where a non-domiciliary: (1) "transacts any business within the state or contracts anywhere to supply goods or services in the state;" (2) "commits a tortious act within the state;" (3) "commits a tortious act" outside the state that "caus[es] injury to [a] person or property within the state;" or (4) "owns, uses or possesses any real property situated within the state." CPLR § 302(a).  "To establish personal jurisdiction under [CPLR §] 302(a)(1), two requirements must be met: (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006) (citing *McGowan v. Smith*, 419 N.E.2d 321, 323 (N.Y. 1981)).

"Though many state statutes extend personal jurisdiction to the full extent permitted by the Constitution—thereby merging the statutory and constitutional inquiries—New York's long-arm statute does not reach so far." *National Union Fire Insurance Co. of Pittsburgh, Pa. v. UPS Supply Chain Solutions, Inc.*, 74 F.4th 66, 72 (2d Cir. 2023), *cert. denied sub nom. UPS Supply Chain Solutions, Inc. v. EVA Airways Corp.*, 144 S. Ct. 559 (2024) (citation omitted). As a result, if "New York's long-arm statute does not authorize personal jurisdiction over [the defendant] . . . [the Court] need not decide whether exercising such jurisdiction would comport with constitutional due process." *Id.* at 73 (citing *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007)).

Plaintiff's argument for the exercise of specific personal jurisdiction over Trinity appears to be based on several facts: (1) visits by Trinity employees in 2016, 2017, and 2018, to conduct interviews with New York students; (2) Trinity's pre-2016 contract with an Illinois-based company to place students in clinical clerkships in New York; (3) Trinity's conduct of outreach and marketing efforts to prospective students "on a nationwide basis, including within the State of New York"; and (4) the fact that students from New York make up a "significant percentage" of Trinity's student body and applicant pool. (Pl. Opp. at 5-6.) Plaintiff does not specify which section of New York's long-arm statute provides jurisdiction, but the facts he offers are

14

consistent with an argument that Trinity is subject to specific jurisdiction under CPLR § 302(a)(1) because it transacts business within the state of New York. (*See* Pl. Opp. at 5 ("Defendant Trinity . . . availed themselves to litigation within the district as they operated business [sic] within the State of New York").) Plaintiff makes no argument regarding tortious acts committed by Trinity or real property owned by Trinity within New York, as would be applicable to CPLR §§ 302(a)(2)-(4). Thus, the Court will examine whether Trinity's conduct meets the requirements of CPLR § 302(a)(1).

The New York Court of Appeals has explained that "the overriding criterion necessary to establish a transaction of business is some act by which the defendant purposefully avails itself of the privilege of conducting activities within New York," *Ehrenfeld v. Bin Mahfouz*, 881 N.E.2d 830, 834 (N.Y. 2007) (brackets and internal quotation marks omitted), thereby "invoking the benefits and protections of its laws," *Fischbarg v. Doucet*, 880 N.E.2d 22, 26 (N.Y. 2007). "A defendant need not physically enter New York State in order to transact business, 'so long as the defendant's activities here were purposeful.'" *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 61 (2d Cir. 2012) (quoting *Fischbarg*, 880 N.E.2d at 26). "Not all purposeful activity, however, constitutes a 'transaction of business' within the meaning of CPLR 302(a)(1)," and the New York Court of Appeals

15

has held that "the transitory presence of a corporate official [in New York] . . . [does] not support CPLR 302(a)(1) jurisdiction." *Fischbarg*, 880 N.E.2d at 26.   "Although it is impossible to precisely fix those acts that constitute a transaction of business, [New York Court of Appeals] precedents establish that it is the quality of the defendants' New York contacts that is the primary consideration." *Id.*

The Court does not find Trinity's contacts with the state of New York sufficient for the exercise of personal jurisdiction pursuant to CPLR § 302(a)(1).   *First*, the presence of a Trinity employee to conduct interviews of prospective students on a handful of occasions is insufficient to satisfy New York's long-arm statute.   *Cf. Yih v. Taiwan Semiconductor Mfg. Co.*, 815 F. App'x 571, 574-75 (2d Cir. 2020) ("Absent any allegation of recruiting targeted at New York, the sole communications tying [defendant] to New York were those it had with [Plaintiff]. These communications -- two Skype interviews and emails through a third-party agent regarding a position in Taiwan for which [Plaintiff] was not hired -- were too limited to amount to a purposeful transaction of business in New York.").   Trinity did not hold open houses in New York for prospective students, does not partner with any New York colleges and universities for recruiting, and did not specifically target any recruiting emails at New York residents.   (Wilson Aff. at ¶¶18, 20-21.)   Furthermore, although Trinity employees may have

16

contacted individuals in New York, it was in furtherance of the individuals attending Trinity for an education entirely outside the state of New York. *See Berkshire Capital Group, LLC v. Palmet Ventures, LLC*, 307 F. App'x 479, 481 (2d Cir. 2008) ("the contract here was to be performed entirely outside of New York . . . [t]he mere fact that [Defendant] engaged in some contact with a New York purchaser does not mean that [Defendant] transacted business in New York").

*Second*, even if Trinity's contract with an Illinois company to place students in New York clinical clerkships, which had expired prior to Plaintiff's interview, was a sufficient contact with New York to provide jurisdiction, Plaintiff points to no "relatedness between the transaction and the legal claim such that the latter is not completely unmoored from the former." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 168-69 (2d Cir. 2013). The aforementioned contract, which had been terminated before Plaintiff was even interviewed for admission by Trinity and is not mentioned in the complaint, clearly has no bearing on Plaintiff's allegations against Trinity in April 2016 and thereafter. (*See generally* Compl.) Therefore, Trinity's pre-2016 contract cannot serve as a basis for specific personal jurisdiction under CPLR § 302(a)(1).

*Third,* any "digital marketing" materials which Plaintiff received, and which were not specifically targeted at New York

residents, do not provide a basis for specific personal jurisdiction. *See, e.g., Fanelli v. Latman*, 162 N.Y.S.3d 140, 145 (2d Dep't 2022) (no basis for long-arm jurisdiction when defendant "advertises its services nationwide through a website that is not specifically directed toward New York residents or businesses"); *see also Maranga v. Vira*, 386 F. Supp. 2d 299, 309 (S.D.N.Y. 2005) ("At bottom, the placement of the ads, even in conjunction with the telephonic negotiations that followed, implies only that Defendants invited residents of New York, and quite possibly others as well, to transact business in Louisiana. That is not the same thing as the Defendants themselves having transacted business in New York.") Even if such contacts were sufficient, Plaintiff has not pleaded facts suggesting that the marketing materials are at all related to his claims. Instead, his claims focus on allegedly misleading statements made during his interview and a subsequent breach of contract when he was charged tuition while not attending school. Therefore, nationwide marketing by Trinity also cannot support a finding of specific personal jurisdiction in New York with regards to Plaintiff's claims.

Finally, the mere fact that approximately 7% of Trinity's students hail from New York is not sufficient to justify a finding of specific personal jurisdiction. *See, e.g., Apicella v. Valley Forge Military Academy & Junior College*, 478 N.Y.S.2d 663, 665 (2d Dep't 1984) (no general or specific personal jurisdiction over

school when, among other things, "New York State students made up only 10% of the school's total enrollment and the school did not maintain any physical plant in New York").  Trinity's President has stated, under penalty of perjury, that the school's email and recruiting activities "do[] not target New York over other states where it recruits students." (Wilson Aff. at ¶¶18, 20.)  In the absence of any facts to the contrary, the mere presence of New Yorkers among Trinity's student body does not suffice to grant this Court specific personal jurisdiction over the school.

In conclusion, there is no statutory basis for the exercise of personal jurisdiction over Defendant Trinity pursuant to CPLR § 302(a)(1).  Because Plaintiff has failed to establish a statutory basis for personal jurisdiction, the Court need not further analyze whether Trinity lacks the necessary "minimum contacts" with New York.  *See National Union Fire Insurance Co. of Pittsburgh, Pa.*, 74 F.4th at 72 ("Though many state statutes extend personal jurisdiction to the full extent permitted by the Constitution—thereby merging the statutory and constitutional inquiries—New York's long-arm statute does not reach so far.")

### C.   John Doe Defendants

The Court's conclusion that it lacks jurisdiction over Trinity leaves open the question of what should be done with the John Doe Defendants.  The only facts alleged in the complaint regarding the John Doe defendants are as follows: "Doe Defendants

1-20 ("Doe Defendants") are employees or agents of Defendant TRINITY that caused the harms to the Plaintiff subject of this lawsuit. At this time, their names and whereabouts are unknown." (Compl. at ¶8.)   Plaintiff has not pleaded any facts suggesting that the John Doe defendants conducted any relevant acts in, or are domiciled in New York, and therefore "at home" in New York for the purposes of general jurisdiction.[3]  *Reich v. Lopez*, 858 F.3d 55, 63 (2d Cir. 2017) ("General jurisdiction over an individual comports with due process in the forum where he is 'at home,' meaning the place of 'domicile.'") (citation omitted).  Plaintiff has also not offered any basis for this Court retaining jurisdiction over "employees or agents" of Trinity in the absence of jurisdiction over Trinity itself, given that he appears to argue Trinity is vicariously liable for its employees conduct.  (*See* Compl. at ¶¶51-54); *see also Covington Industries, Inc. v. Resintex A. G.*, 629 F.2d 730, 732 (2d Cir. 1980) ("A judgment entered against parties not subject to the personal jurisdiction of the rendering court is a nullity.")  Because Plaintiff has proffered no separate basis for this Court's jurisdiction over the John Doe defendants other than their employment by Trinity, the Court accordingly finds that it lacks a sufficient basis to exercise

---

[3] The Court notes that the Affidavit of Trinity's President states that the two individuals who conducted interviews on behalf of Trinity in New York, Drs. Miller and Bell, both work and reside outside of New York, in Georgia and Maryland, respectively.  (*See* Wilson Aff. at ¶26.)

personal jurisdiction over the John Doe defendants, and the claims against them are dismissed.

## II.  Failure to State a Claim

In light of the Court's conclusion that it lacks a statutory basis for jurisdiction over Defendant Trinity, the Court declines to consider Defendant's arguments regarding Plaintiff's failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  *See Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963) ("a court without such jurisdiction [over the defendant] lacks power to dismiss a complaint for failure to state a claim").

## III. Leave to Amend

Rule 15 of the Federal Rules of Civil Procedure provides that a court "should freely give leave [to amend a pleading] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure."  *Panther Partners Inc. v. Ikanos Communications, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012) (citing *Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 50 (2d Cir. 1991)).

21

Plaintiff has not moved for leave to amend the Complaint, but closes his opposition to Defendant's motion to dismiss by stating "[s]hould this honorable court determine that [the] complaint is lacking in material facts, Plaintiff[] respectfully request[s] leave to amend [his] complaint." (Pl. Opp. at 16.) It is not clear whether Plaintiff is requesting leave to amend *only* in the event that the Court were to dismiss the complaint for failure to state a claim, or also in the event that the Court were to dismiss the complaint for failure to establish personal jurisdiction over the Defendant.

There is no basis for the Plaintiff to be granted leave to amend the complaint in the instant case. "It is well settled under Second Circuit law that, even where [the] plaintiff has not made a *prima facie* showing of personal jurisdiction, a court may still order discovery, in its discretion, when it concludes that the plaintiff may be able to establish jurisdiction if given the opportunity to develop a full factual record." *Leon v. Shmukler*, 992 F. Supp. 2d 179, 194 (E.D.N.Y. 2014) (citing *In re Magnetic Audiotape Antitrust Litigation*, 334 F.3d 204, 208 (2d Cir. 2003)); *see also APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) ("[A] court should take care to give the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction." (internal quotation marks omitted)). Plaintiff has been afforded the opportunity to engage in jurisdictional

22

discovery in the instant case and proffered no additional facts supporting an exercise of jurisdiction in his opposition papers. (*See generally* Pl. Opp.)  Because the parties have already engaged in jurisdictional discovery, and the Court has found that Defendants are not subject to this Court's jurisdiction, an amendment to the complaint would be futile.  *See Arzu*, 2023 WL 5614586, at *6 ("Because [defendant] is not subject to specific jurisdiction, an amendment to the Complaint to plead that jurisdictional basis would be futile.")  Therefore, Plaintiff will not be granted leave to amend.

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED**.  This Court lacks jurisdiction over Defendant, and Plaintiff's complaint is accordingly dismissed without prejudice. The Clerk of Court is directed to close this case.

**SO ORDERED**

Dated:      June 4, 2024
            Brooklyn, New York

_____
**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York

23